IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAQUAWYA L. FINLEY,

Plaintiff,

v.

GABRIEL HOLOSZYC-PIMENTEL, *et al.*

Defendants.

Case No. C17-1760 RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S CROSS MOTION FOR JUDICIAL REVIEW OF U.S. ATTORNEY'S CERTIFICATION

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and Plaintiff's Cross-Motion for an Evidentiary Hearing. Dkts. #8 and #11. Defendants move to dismiss for lack of subject matter jurisdiction on the basis that Plaintiff, Daquawya L. Finley, failed to exhaust her administrative remedies as required by the Federal Tort Claims Act ("FTCA"). Dkt. #8 at 1 and 3. Plaintiff opposes the motion, arguing that Defendants' motion is improper because the statutory requirements of the FTCA do not apply to this case. Dkt. #11 at 3-4. Plaintiff asserts that the certification by Assistant United States Attorney (AUSA) Christina Fogg that Sergeant First Class (SFC) Gabriel Holoszyc-Pimentel was acting within the scope of his employment is not supported by sufficient evidence, and therefore the United States cannot be substituted as Defendant and the FTCA does not apply. *Id*. By way of cross-motion, Plaintiff also moves this Court to

ORDER– 1

grant an evidentiary hearing and discovery in order to support her challenge to the validity of the certification, prior to the Court's decision regarding Defendants' motion to dismiss. *Id*. at 5-7. For the reasons set forth below, Plaintiff's cross-motion for an evidentiary hearing is DENIED, and Defendants' motion to dismiss is GRANTED.

## II. BACKGROUND

On October 19, 2014, Plaintiff was driving her car in Seattle, Washington, when she was involved in a motor vehicle accident allegedly caused by SFC Gabriel Holoszyc-Pimentel, resulting in injury. Dkt. #6 at ¶ ¶ 4.1 and 4.2. The accident occurred at roughly 9:58 a.m., when SFC Holoszyc-Pimentel's vehicle struck Plaintiff's vehicle from the rear as both were traveling northbound on Westlake Avenue North. Dkt. #12, Ex. 3 at 1-2. Defendants do not dispute that an accident occurred, but instead maintain that at the time of the accident, SFC Holoszyc-Pimentel was in Seattle attending a training associated with his employment in the United States Army, and therefore the United States is the proper Defendant in this action. Dkt. #16, Ex. A at 2.

Gabriel Holoszyc-Pimentel is a member of the United States Army and, prior to October 2014, was assigned to a permanent duty station at Joint Base Lewis-McCord in Washington State. Dkt. #17 at ¶ 3. Beginning on October 2, 2014, SFC Holoszyc-Pimentel was issued temporary duty orders (TDY)[1] for a period of 31 days in order to attend a

---

[1] The October 2014 Joint Travel Regulations for uniformed service members, issued by the United States Department of Defense, define temporary duty orders as "duty at one or more locations, away from the [permanent duty station]," including travel to, or from, a course of instruction, for a duration of less than 140 days. U.S. DEP'T. OF DEF., JOINT TRAVEL REGULATIONS §§ Ch. 2, Pt. C, 2240(A)(1)(a), Ch. 4, Pt. D, 4410(A)(1), and App. A, Pt. 1 at 42 (October 2014) *available at* http://www.defensetravel.dod.mil/site/pdcFiles.cfm?dir=/Travel_Regulations. While on TDY, uniformed service members are in "travel status" for "the elapsed period of time from

ORDER– 2

required training known as "Advanced Special Operations Techniques Course" (ASOTC) in connection with his role as a Communications Sergeant. Dkt. #17 at ¶¶ 3 and 4.

According to SFC Holoszyc-Pimentel's former commanding officer Captain John Griffin, ten days of that training would take place in Seattle, WA. Dkt. #17 at ¶ 5. Captain Griffin describes ASOTC training as intended to teach force protection measures and utilize real-life urban settings to train soldiers on driving tactics, with the Seattle segment focusing on driving from "training point to training point within Seattle in order to practice urban driving techniques." *Id*. It was while attending the training in Seattle on TDY that SFC Holoszyc-Pimentel asserts the accident occurred. Dkt. #16, Ex. A at 2.

On or about October 11, 2017, Plaintiff filed her civil Complaint in King County District Court against SFC Gabriel Holoszyc-Pimentel, "Jane Doe" Svaren, and EAN Holdings, LLC, seeking damages arising from the October 19, 2014, car accident. Dkt. #6. SFC Holoszyc-Pimentel received notice of the suit, and along with his commanding officer, Captain Alexander Dagg, submitted written statements to the United States Attorney for the Western District of Washington that SFC Holoszyc-Pimentel was acting within the scope of his official duties at the time of the accident. Dkts. #12, Ex. 4 and #16, Ex. A at 2. A representative of the United States Attorney's Office reviewed the attestations and completed a certification of scope of employment. Dkt. #1. Defendants then removed the matter to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(1) and (2), and on November 21, 2017, the United States filed a notice of substitution, seeking to substitute itself as Defendant. Dkts. #1 and #2. The instant motions followed.

---

the beginning to the end of official travel in compliance with the authority in an order." *Id*. at §§ Ch. 2, Pt. D, 2250(C) and App. A, Pt. 1 at 47.

ORDER– 3

## III. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal based on a lack of subject matter jurisdiction. Fed. R .Civ. P. 12(b)(1). When a court lacks subject matter jurisdiction, it lacks the power to proceed, and its only remaining function is to dismiss. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998).

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (hereinafter "the Westfall Act"), district courts are granted jurisdiction over civil claims filed against federal employees, including members of the United States Military. 28 U.S.C. §§ 1442(a), 2679(d)(1) and (2). The Westfall Act allows for the Attorney General of the United States, or a delegate thereof[2], to certify that a federal employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose…." 28 U.S.C. § 2679(d)(1).

"Upon the Attorney General's [or a delegate thereof's] certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn v. Haley*, 549 U.S. 225, 229-30, 127 S. Ct. 881, 894, 166 L. Ed. 2d 819 (2007). "The litigation is thereafter governed by the Federal Tort Claims Act (FTCA)… [and] [i]f the action commenced in state court, the case is to be removed to a federal district

---

[2] Delegates of the Attorney General of the United States include United States Attorneys and Assistant United States Attorneys under the direction of the Office of the Attorney General of the United States.

court, and the certification remains "conclusiv[e] ... for purposes of removal." *Osborn*, 549 U.S. at 230 (citing 28 U.S.C. § 2679(d)(2)).[3]

The certification may, however, be subject to judicial review on the issue of whether the federal employee was acting within the "scope of employment," and as such, whether the United States can be properly substituted as Defendant. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S. Ct. 2227, 2236, 132 L. Ed. 2d 375 (1995) (finding that a certification on scope of employment may be subject to judicial review). As in the current case, a plaintiff has the right to challenge the appropriateness of the certification. *See Osborn*, 549 U.S. at 245-46 (explaining that "the Attorney General's certification is 'the first, but not the final word' on whether the federal officer is immune from suit….Plaintiff may request judicial review of the…scope-of-employment certification").

Once a certification has been made, it serves as *prima facie* evidence that the federal employee was acting within the scope of their employment. *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (quoting *Billings v. United States,* 57 F.3d 797, 800 (9th Cir. 1995)). The burden then shifts to Plaintiff of disproving the appropriateness of the certification by a preponderance of the evidence. *Id*.

State law governs the scope-of-employment inquiry under the Westfall Act. *Id*.; s*ee also McLachlan v. Bell,* 261 F.3d 908, 911 (9th Cir. 2001). Because the accident occurred in Seattle, WA, Washington State law applies:

---

[3] Plaintiff asserts that the Court should either grant deference to the jurisdictional facts alleged by Plaintiff and remand to state court, or hold an evidentiary hearing. Dkt. #11 at 3. Under *Osborn*, once a certification of scope of employment has been issued by an Attorney General, or representative thereof, a district court is without discretion to remand to state court, even if it finds the certification to be unwarranted. 549 U.S. at 241-42.

ORDER– 5

> Under Washington law, an employee acts within the scope of his employment, even if his acts are contrary to instructions or constitute intentional torts, when he is "engaged in the performance of the duties required of him by his contract of employment" or when "*he [is] engaged at the time in the furtherance of the employer's interest*." *Dickinson v. Edwards,* 105 Wn.2d 457, 716 P.2d 814, 819 (1986).

*Pauly,* 348 F.3d at 1151 (emphasis added); Dkt. #6 at ¶ ¶ 3.1 and 3.2.

A significant number of cases defining and applying Washington State law on scope of employment focus on the language "engaged at the time in furtherance of the employer's interest." *See Vollendorff v. United States*, 951 F.2d 215, 219 (9th Cir. 1991); *Dickinson v. Edwards*, 105 Wn.2d 457, 467, 716 P.2d 814, 819 (1986); *Elder v. Cisco Constr. Co.,* 52 Wn.2d 241, 245, 324 P.2d 1082 (1958); *Melin-Schilling v. Imm*, 149 Wn. App. 588, 591–92, 205 P.3d 905, 907 (2009). The court in *Dickinson* explicitly noted that the presence of a benefit to the employer is of particular emphasis in evaluating whether an employee was acting within the scope of employment. *See Dickinson*, 105 Wn.2d at 467. In assessing benefit to the employer, many of those same courts have relied on a similar test found in the Restatement (Second) of Agency § 228, which provides:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
>    (a) it is of the kind he is employed to perform;
>
>    (b) it occurs substantially within the authorized time and space limits;
>
>    (c) it is actuated, at least in part, by a purpose to serve the master, and
>
>    (d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

ORDER– 6

> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to save the master.

*See Melin-Schilling*, 149 Wn. App. at 591.

### B. Scope of Employment Analysis

In order to fully address both Defendants' motion and Plaintiff's cross-motion, the Court must determine: 1) whether the certification was appropriate, 2) whether an evidentiary hearing is necessary, and 3) whether the Court lacks subject matter jurisdiction.

As noted above, when an Assistant United States Attorney issues a certification of scope of employment, it serves as *prima facie* evidence that the federal employee was acting within the scope of his or her employment. *Pauly,* 348 F.3d at 1151. The burden then shifts to Plaintiff to disprove the appropriateness of that certification by a preponderance of the evidence. *Id*. In this case, the Court finds that Plaintiff has not met her burden.

Here, the record demonstrates that SFC Holoszyc-Pimentel was acting within the scope of his employment at the time of the accident. The key component in assessing scope of employment is whether the employee was acting for the benefit of their employer. *See Melin-Schilling*, 149 Wn. App. at 591. Thus, the Court should examine whether: (1) the activity is the kind the person is employed to perform, (2) the activity occurred within work hours or approved spaces, and (3) the activity was actuated, at least in part, by a purpose to serve the employer. *See* Restatement (Second) of Agency § 228; *see also Vollendorff*, 951 F.2d at 219; *Melin-Schilling*, 149 Wn. App. at 591.

In this case, the activity was one SFC Holoszyc-Pimentel was employed to perform. SFC Holoszyc-Pimentel is a Communications Sergeant in the United States Army, and he

ORDER– 7

was placed by his commanding officers on TDY to attend and participate in ASOTC training in Seattle on the date of the accident. Dkt. #17 at ¶¶ 3, 4, and 5. The purpose of that training was for SFC Holoszyc-Pimentel to learn urban-driving skills by driving from point to point in Seattle, as part of the larger training program he was participating in. *Id*. As SFC Holoszyc-Pimentel was ordered to Seattle to attend training that consisted of driving throughout the city based on his role as a Communications Sergeant, his activity was the kind he was employed to perform and satisfies the first factor. *Id*.

Second, the activity in this case occurred within work hours and approved spaces. SFC Holoszyc-Pimentel was given TDY to attend the training, and as such was placed on "travel status" from the moment he left Joint Base Lewis-McCord. *Id*. His "travel status" was maintained throughout the 10-day Seattle training, placing him effectively at work for the duration of that time. *Id*. Accordingly, SFC Holoszyc-Pimentel was within the city of Seattle on TDY and under a continuous "travel status" that placed him within an approved area at the time of the accident. This satisfies the second factor.

Finally, the activity was actuated by a purpose to benefit his employer. The purpose of attending the 10-day Seattle Segment of the ASOTC was to learn urban-driving techniques in order to "teach force protection measures and utiliz[e] real-life urban settings to train soldiers on driving tactics." Dkt. #17 at ¶ 5. At the time of the accident, SFC Holoszyc-Pimentel was participating in training he had been ordered to attend due to his commanding officer's desire that he learn those skills as a Communications Sergeant. *Id*. at ¶ 3. This meets the third factor, as SFC Holoszyc-Pimentel's only indicated motivation for being at the scene

of the accident was to participate in a training he was assigned to be the United States Army as part of their desired training programs.[4]

Other courts have found a defendant to be acting in the scope of employment in similar situations. *See Vollendorff,* 951 F.2d at 218-20 (finding that Army Officer leaving open medication bottle on kitchen counter within reach of infant grandchild was within his scope of employment, as United States Army required him to take prescribed medication, at home, in order to remain ready for active military service); *Melin-Schilling*, 149 Wn. App. at 591-594 (finding car accident involving school maintenance worker was within scope of employment as it occurred on approved coffee break, leaving location approved of by employer, during legally mandated break time).

Plaintiff argues that SFC Holoszyc-Pimentel was not acting within the scope of his employment based on three observations. The first is that the accident took place at 9:48 a.m. Dkt. #11 at 6. Plaintiff speculates that if SFC Holoszyc-Pimentel was in Seattle to attend training, the training would likely have begun much earlier in the day. *Id*. Second, Plaintiff notes that the accident took place at Galer Street and Westlake Avenue North, which is north of the city center. *Id*. and Dkt. #12, Ex. 5. Plaintiff suggests that any training would likely occur within the city center, so it is unlikely SFC Holoszyc-Pimentel was attending training at the time. Dkt. #11 at 6.

Finally, Plaintiff contends that if SFC Holoszyc-Pimentel was actually attending training in Seattle as he claims, he would not have been traveling north, away from the city center, at the time of the accident. *Id*. Plaintiff proposes that by traveling north away from the

---

[4] The Court did not consider the Declaration of Captain Alexander Dagg because it was not signed, and therefore not an admissible declaration. 28 U.S.C. § 1746.

ORDER– 9

city center and at a time later than when a training would likely take place, SFC Holoszyc-Pimentel was not participating in the training but instead engaging in a personal errand unconnected with his employment. Dkt. #19 at 2.

Plaintiff concludes that SFC Holoszyc-Pimentel must have been on a "lark" or "detour," rather than working. *Id*. This theory is similar to that asserted in *Green v. Hall*. *See* 8 F.3d 695, 699 (9th Cir. 1993) (examining the actions of an army reservist who was involved in an off-base car accident). In *Green*, two of the key facts on which the Ninth Circuit Court of Appeals focused were that the reservist was not on duty at the time of the accident, and that his employment did not involve obtaining off-base food. *Green,* 8 F.3d at 699. The *Green* court found that the reservist was on an unapproved personal errand, outside of approved time and place, and therefore was not acting for the benefit of his employer. *Id*. That opinion is in accord with the general rule that personal activities, or trips to and from work, like the "lark" or "detour" as suggested by Plaintiff, are not for the benefit of the employer and not within scope of employment. *See Dickinson*, 105 Wn.2d at 467-48.

However, the circumstances of this case are easily distinguished. Here, SFC Holoszyc-Pimentel was on TDY and was in "travel status" for the 31-day period of those orders, and for the entire duration of his time in Seattle. Dkt. #17 at ¶ ¶ 3 and 4. SFC Holoszyc-Pimentel was not going to or from work, nor on a personal errand, as suggested by Plaintiff. The entire purpose of SFC Holoszyc-Pimentel's presence in Seattle at the time of the accident was his having been ordered to attend training there; training that involved him driving the streets of Seattle on October 19, 2014. Nothing asserted by Plaintiff suggests otherwise. Accordingly, Plaintiff has not provided sufficient evidence to refute that SFC Holoszyc-Pimentel was acting in the scope of his employment at the time of the accident.

ORDER– 10

**C. Plaintiff's Request for an Evidentiary Hearing or Discovery**

Plaintiff argues that an evidentiary hearing is necessary to gather the evidence she needs to meet her burden. The Ninth Circuit favors evidentiary hearings, where necessary, to resolve issues of disputed facts in Westfall Act cases. *See Arthur v. U.S. By & Through Veterans Admin.,* 45 F.3d 292, 296 (9th Cir. 1995). In deciding whether an evidentiary hearing is necessary, the district court evaluates whether Plaintiff has alleged sufficient facts that, taken as true, prove SFC Holoszyc-Pimentel was acting outside the scope of employment. *See Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017). Because "[n]ot every complaint will warrant further inquiry into the scope-of-employment issue," Plaintiff must allege sufficient facts to rebut the certification in order to receive discovery or an evidentiary hearing. *Stokes v. Cross*, 327 F.3d 1210, 1214-16 (D.C. Cir. 2003). This Court is tasked with assessing the documentary evidence on record and construing the allegations in Plaintiff's Complaint liberally under Federal Rule of Civil Procedure 8(a). *See Wuterich v. Murtha*, 562 F.3d 375, 383 (D.C. Cir. 2009); *see also* Fed. R .Civ. P. 8(a)(2).

The entirety of Plaintiff's factual allegations are:

> 4.1 On or about October 19, 2014, Plaintiff Daquawya L. Finley was driving her vehicle Northbound on Westlake Avenue North, followed by Defendant Gabriel Holoszyc-Pimentel in his vehicle.
>
> 4.2 As Plaintiff was moving along Northbound on Westlake Avenue North toward Galer Street, Defendant Gabriel Holoszyc-Pimentel struck Plaintiff's vehicle from behind.

Dkt. #6 at ¶ ¶ 4.1 and 4.2.

Plaintiff then speculates that the circumstances surrounding the accident suggest alternative activities and motivations for SFC Holoszyc-Pimentel's presence other than his participation in the training program. Dkts. #11 and #19. For example, Plaintiff suggests that

ORDER– 11

because the accident occurred at 9:58 a.m., on a street outside the city center, where both parties were moving away from the city center, it is unlikely that SFC Holoszyc-Pimentel was actively engaged in any training program at all. *Id*. at ¶ 17. To support her factual theory of the case, Plaintiff has attached exhibits including the police report of the accident, a screen shot of the accident location in regards to the city of Seattle, and a screenshot of the cross-streets where the accident occurred. Dkt. #12, Ex. 3-5.

The facts alleged in the Complaint are generally undisputed between the parties. Both agree that on October 19, 2014, Plaintiff and SFC Holoszyc-Pimentel were in Seattle, WA, traveling northbound on Westlake Avenue North, when an accident occurred around 9:58 a.m. Dkts. #8 at 2 and #11 at 6. Taken as true, this would establish that SFC Holoszyc-Pimentel was driving within the city of Seattle on October 19, 2014. That comports with AUSA Christina Fogg's certification that SFC Holoszyc-Pimentel had employment duties on October 19, 2014, included attending an urban-driving training in Seattle, WA. Dkt. #17 at ¶¶ 3 and 5.

Courts that find evidentiary hearings necessary, frequently do so under two circumstances, (1) when a defendant has denied that the allegations in the complaint occurred, and (2) when the evidentiary record presented by both parties is sufficiently detailed and developed to warrant a hearing to assess the credibility of the evidence. *See Stokes,* 327 F.3d at 1216 (granting discovery where federal police officers denied Plaintiff's detailed allegations that they destroyed evidence and engaged in malicious criminal acts, activities inherently outside of scope of employment); *see also Loehndorf v. United States*, No. C14-0106JLR, 2014 WL 3752120, at *4 (W.D. Wash. July 30, 2014) (granting evidentiary hearing where member of United States Navy denied Plaintiff's allegations and

ORDER– 12

provided substantial documentary evidence to rebut scope of employment challenge, and an assessment of credibility was necessary to resolve issue of fact).

In contrast, courts that have denied evidentiary hearings often do so on the basis that Plaintiff's Complaint alleged facts when, even taken as true, were of a nature that they would not establish behavior outside the scope of employment. *See Saleh*, 848 F.3d at 892 (holding that because the alleged plans and motivations of government officials regarding Iraq War, taken as true, were of a nature that would be considered part of scope of employment, an "evidentiary hearing would be a futile exercise"); *see also Wuterich*, 562 F.3d at 381 (finding Plaintiff's allegations regarding United States Congressman's statements to media, taken as true, would fail to establish that he was acting outside scope of employment).

Plaintiff has not alleged any facts supporting her suggestion that SFC Holoszyc-Pimentel was acting in a manner not permitted or associated with his attendance at the Seattle training. SFC Holoszyc-Pimentel was in Seattle on continuous orders and travel status for the duration of his time here, for which he was not only participating in urban-driving activities, but was also permitted to travel to and from that training. Dkt. #17 at ¶¶ 3 and 5. Accordingly, the Court denies Plaintiff's cross-motion for an evidentiary hearing and discovery.

### D. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Having determined that the Court accepts the United States' certification that SFC Holoszyc-Pimentel was acting in the scope of his employment and having denied an evidentiary hearing, the Court may now resolve Defendants' motion to dismiss. Before bringing an FTCA claim in this Court, Plaintiff must exhaust her administrative remedies. *See* 28 U.S.C. §§ 2675(a) and 2679(d). In order to exhaust her administrative remedies,

ORDER– 13

Plaintiff must either: 1) receive a denial of her claim from the appropriate administrative agency in writing, or 2) have been waiting for a disposition for at least six months, upon which time a failure to reply will amount to a constructive denial of the claim. 28 U.S.C. § 2675(a).

Defendants assert that Plaintiff has failed to exhaust her administrative remedies as required by the FTCA. Dkt. #8 at 4-6. Plaintiff filed an administrative claim on December 4, 2017. Dkt. #9 at ¶ 2. Plaintiff has not provided evidence of a denial of that claim from the United States Army, and six months has not yet elapsed since the submission of her claim. As such, Plaintiff has failed to exhaust her administrative remedies as required by the FTCA, and the Court lacks jurisdiction over her claims. *See Steel Co.,* 523 U.S. at 94. The Court grants Defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the Declarations and Exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1. Plaintiff's Cross-Motion for Judicial Review of the United States Attorney's Certification (Dkt. #11) is DENIED. The Clerk SHALL substitute the United States as the only Defendant in this action and shall terminate Gabriel Holoszyc-Pimentel, Jane Doe Svaren, and EAN Holdings, LLC, as Defendants in this matter.

2. Defendants' Motion to Dismiss (Dkt. #8) is GRANTED.

//

//

//

ORDER– 14

3. This matter is now CLOSED.

DATED this 8th day of February 2018.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 15